CASE 106—MOTION, PRACTICE—MARCH 13, 1884.

# Emerson, Fisher & Co. v. Dye, &c.

APPEAL FROM KENTON CIRCUIT COURT.

1. The statute authorizing an appeal from the Superior court to the Court of Appeals does not allow any additional or different record to be used in this court.
2. The statements of parties, schedules, and assignments of error, must be treated as part of the record within the meaning of the statute. No new assignment of errors will be allowed,
3. It is the duty of the clerk of this court to require the tax to be paid before he grants the appeal; but if he fails to do so, and grants the appeal, it is no ground for the dismissal of the appeal to the court.

T. F. HALLAM FOR APPELLEES, ON MOTION TO DISMISS APPEAL.

NELSON & WASHINGTON AND R. H. GRAY FOR APPELLANTS, AGAINST THE MOTION.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

,This is an appeal from the judgment of the Superior court reversing the judgment of the lower court, the appellants. here having been appellees in the Superior court. They did not file any statement of parties or assignment of errors, and, it is alleged, failed to pay tax on the appeal to this. court. For these reasons the appellees, who filed a statement of parties and assignment of errors in their appeal to the Superior court, move to dismiss the present appeal from that court. The motion must be overruled on each ground. First—Because section 8 of the "Act establishing a Superior court," among other things, provides: "Whenever an appeal is granted from the Superior court to the Court of Appeals, the clerk shall transfer the case from the docket of the Superior court to that of the Court of Appeals, and *the same record upon which the case was tried* in the Superior court shall be used in the Court of Appeals."

This provision does not allow any additional or different record to be used in this court, upon an appeal from the Superior court, than was used in that tribunal. And the statement of parties, schedules, and assignments of error, must be treated as a part of the record, within the meaning and practical necessity of the section extracted from—otherwise the Superior court might correctly decide a case on the record before it; but upon an appeal to this court, although the law requires the *same record* to be used on a new and dissimilar assignment of errors, which the Superior court had no power to consider, reverse its judgment, lawful and unobjectionable when rendered. Such a result would be "confusion worse confounded," and no rule of practice that might produce it will be adopted by this court. The case, as tried by the Superior court, will be tried by this court.

It is the duty of the clerk to require the tax to be paid before he grants the appeal or files the record, but if he does not do this, it will, while he is responsible to the State for tax precisely as if he had done his duty, furnish no ground for dismissing an appeal from the Superior court.

The several motions are therefore denied.